UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JACQUELINE J. KIKUCHI | : | |
| | : | |
| VS. | : | C.A. NO.: 08-242S |
| | : | |
| STARWOOD HOTELS & RESORTS WORLD WIDE, INC. d/b/a/ THE WESTIN WALTHAM BOSTON | : | |

**PLAINTIFF'S PRETRIAL CONFERENCE STATEMENT**

NOW COMES your Plaintiff, pursuant to this court's Notice, dated July 31, 2008, and submits her Pretrial Conference Statement, as follows:

I. To prevail on the claim of negligence, the Plaintiff must prove:

(1) A legal duty owed by the Defendant to the Plaintiff;

(2) A breach of said duty;

(3) Proximate or legal cause; and

(4) Actual damage or injury.

Jorgensen v. Massachusetts Port Authority, 905 F.2d 515, 522 (1st. Cir. 1990) (applying Massachusetts law).

Under Massachusetts law, a land owner has a duty of reasonable care to visitors on its property. Mounsey v. Ellard, 363 Mass. 693, 707, 297 N.E. 2d 43, 51 (1973). Specifically, a land owner has a duty to maintain its property "in a reasonably safe condition in view of all of the circumstances, including the likelihood of injury to others, the seriousness of injury, and the burden of avoiding risk." Mounsey v. Ellard, 363 Mass. At 708, 297 N.E. 2d at 51.

The case at bar arises out of injuries sustained by the Plaintiff, Jacqueline Kikuchi, on March 16, 2007, when she entered the front lobby of the Westin Waltham Boston Hotel to check in. During the hours prior to her check at approximately 6:00 p.m., it had been lightly snowing outside. The hotel had placed a mat in the area of the entrance to the hotel. However, the mat did not traverse the entire distance to the check-in desk in the lobby. The floor in front of the check-in desk was composed of highly polished tile.

When the Plaintiff stepped off the rug area and proceeded to the hotel desk, she slipped and fell on the tile floor, which was wet from snow that had been trekked into the premises and slippery due to the highly polished nature of the flooring. There were no warning signs of any kind warning of the slippery condition of the floor in the lobby area.

Under Massachusetts law, in the case of a slip and fall on snow or ice on a Defendant's property, "there must be a defect, apart from a natural a accumulation of water, or ice or snow, in order to hold the land owner liable for negligence." Athas v. United States, 904 F.2d 79, 81 (1st Cir. 1990). In determining whether the condition of the floor on the Defendant's premises constituted a dangerous condition, one should consider the size and location of the puddle/water accumulation, the length of time of its existence to the knowledge of the Defendant by and through its agents, servants and employees and the relative ease with which said condition could have been removed or remedied by the

Defendant. Foley v. F.W. Woolworth Co., 293 Mass. 232, 199 N.E. 739 (1936); Connair v. J.H. Beattie Co., 298 Mass., 550, 11 N.E. 2d 499 (1937).

Plaintiff,
By and Through Her Attorney,

/s/ Thomas A. Tarro, III

Thomas A. Tarro, III #2046
The Law Firm of Thomas A. Tarro, III
The Summit East - Suite 330
300 Centerville Road
Warwick, Rhode Island 02886
Tel: (401) 737-7200
Fax: (401) 732-3362

**CERTIFICATION**

I hereby certify that on this 25th day of August 2008, I forwarded a copy of the within ***Plaintiff's Pretrial Conference Statement*** to the following counsel of record via electronic filing:

Scott M. Carroll, Esq.
Boyle, Morrissey & Campo, PC
695 Atlantic Avenue
Boston, MA 02111

/s/ Thomas A. Tarro, III